*Monday, June 1, 1998*

# MOTION DOCKET

**96–2346.   State v. Getsey.**
Trumbull C.P. No. 95CR399.   This is a death penalty appeal from the Court of Common Pleas of Trumbull County.   On October 22, 1996, an order was issued in this case requiring the clerk of the court of common pleas to prepare and transmit the record on appeal, pursuant to Rule XIX of the Supreme Court Rules of Practice.   The order and Rule XIX prescribe that the record on appeal shall consist of the following:  the original papers and exhibits thereto filed in the trial court;  the transcript of proceedings, including exhibits, and computer diskettes of the transcript, if available;  and certified copies of the docket and journal entries prepared by the clerk of the trial court.   Furthermore, Rule XIX(4)(D) requires that the clerk of the trial court, before transmitting the original record to the Supreme Court, make a copy of the record to be retained for use in any postconviction proceedings. According to Rule XIX(4)(D)(1), a copy of the original papers, transcript of proceedings, and any documentary exhibits shall be made by photocopying the originals;  a copy of any physical exhibits may be made by either photographing or videotaping the physical exhibits;  a copy of a videotape or audiotape shall be made by making a duplicate videotape or audiotape.

On March 3, 1997, the clerk of the court of common pleas transmitted the record to this court. Instead of submitting the original physical exhibits as required by the order and Rule XIX, the clerk sent photographs, including a photograph of an audio cassette of a 911 call, a photograph of a video cassette of the crime scene, and photographs of photographs.

On September 24, 1997, appellant filed a motion to supplement the record with all of the original exhibits, photographs, audiotapes, videotapes, and physical evidence that were part of the record. This court granted the motion to supplement on October 29, 1997 and ordered the clerk of the court of common pleas to certify the supplemental record within ten days.

On November 10, 1997, the clerk of the court of common pleas transmitted a supplemental record. Contrary to this court's orders and Rule XIX, the clerk again transmitted photographs or photocopies of the exhibits in lieu of the actual exhibits.

IT IS ORDERED by the court, *sua sponte*, that the clerk of the court of common pleas transmit to the Clerk of the Supreme Court of Ohio, within five days of the date of this order, the original audiotape of the 911 call that is a part of the record in this case or show cause why the clerk of the court of common pleas shall not be held in contempt for failure to comply with this court's orders.

**97–2419.   State ex rel. Ohio Academy of Trial Lawyers v. Sheward.**
In Prohibition and Mandamus.   This cause originated in this court on the filing of a complaint for writs of prohibition and mandamus.   On May 20, 1998, respondents filed a motion to strike portions of relators' reply brief.   Whereas it is determined by the court that respondents' motion is, in substance, a responsive brief to relators' reply brief;  and, whereas S.Ct.Prac.R. VI does not provide for further briefing in response to a reply brief;  and, whereas the filing of a brief after the deadlines imposed by S.Ct.Prac.R. VI is prohibited by S.Ct.Prac.R. XIV(1)(C),

IT IS ORDERED by the court, *sua sponte*, that respondents' motion to strike be, and hereby is, stricken.

**98–424.   Columbus Bar Assn. v. Pope.**
On May 20, 1998, respondent filed an amended motion to strike relator's answer brief filed pursuant to Gov.Bar R. V(8).   Whereas respondent's motion is, in substance, a reply brief to relator's answer brief, and there is no provision under Gov.Bar R. V(8) for the filing of a reply brief,

IT IS ORDERED by the court, *sua sponte*, that the amended motion to strike relator's answer brief be, and hereby is, stricken.